UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STEVEN E. HANSEN,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Civil No.: 4:26-cv-00189-DCN
Criminal No.: 4:22-cr-00031-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Petitioner Steven Hansen's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Petition"). Dkt. 1; CR-031, Dkt. 47.[1] The Government responded to Hansen's Petition. Dkt. 7. Hansen did not reply.[2]

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion on the record. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B). For

[1] In this Order, "CR-031" is used when citing to the criminal record in Case No. 4:22-cr-00031-DCN-1; all other references are to the instant civil case.

[2] Hansen also filed a Motion for Equitable Tolling to Overcome 2255 Time Bar (Dkt. 2), Motion for Leave to Proceed with Collateral Review Despite Plea Waiver (Dkt. 3), and Motion to Appoint Counsel (Dkt. 4). The substance of Hansen's first two motions will be discussed within the Court's analysis below and will not be addressed separately. The Court will address the Motion to Appoint Counsel at the conclusion of this decision.

the reasons set forth below, the Court DENIES Hansen's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## II. BACKGROUND

A grand jury indicted Hansen on February 23, 2022, for Possession of Child Pornography under 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). CR-031, Dkt. 1. He later pleaded guilty to Count One of the Indictment pursuant to a plea agreement. CR-031, Dkt. 16. The plea agreement contained a waiver of Hansen's right to appeal or collaterally attack his conviction or sentence, except on the ground of ineffective assistance of counsel. *Id.* at 12. On November 7, 2022, the Court sentenced Hansen to fifty-one months' imprisonment followed by ten years of supervised release. CR-031, Dkts. 40, 42. Hansen did not appeal. He filed the instant Petition on March 30, 2026. Dkt. 1; CR-031, Dkt. 47.

Hansen raises three grounds for relief. First, he contends that all statutes criminalizing child pornography are unconstitutional because they have failed to eradicate child pornography from the market. Dkt. 1, at 13. Second, he argues general deterrence cannot constitutionally apply to child-pornography offenders because people who are sexually aroused do not act rationally and, therefore, are not deterred by enhanced sentences. *Id.* at 15. Third, Hansen claims his sentence is unconstitutional because it does not "contribute to the acceptable goals of punishment" and "is nothing more than the purposeless and needless imposition of pain and suffering." *Id.* at 17.

## III. LEGAL STANDARD

28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a prisoner who challenges the imposition or length of his incarceration: (1) "that the

sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) "that the sentence is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

Relief under § 2255 is afforded "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Furthermore, "a district court must grant a hearing to determine the validity of a petition brought under that section unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (citation modified). In determining whether a § 2255 motion requires a hearing "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Id.* at 1062–63. In a § 2255 motion, conclusory statements are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

The deadline for filing a § 2255 petition is one year after a defendant's conviction

becomes final. 28 U.S.C. § 2255(f)(1).[3] If no appeal is filed, a conviction becomes final fourteen days after judgment. Fed. R. App. P. 4(b)(1)(A). Claims not raised at trial or on appeal are procedurally defaulted unless the petitioner shows cause and prejudice or actual innocence. *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *Bousley v. United States*, 523 U.S. 614, 622 (1998). A knowing and voluntary collateral-attack waiver is generally enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

## IV. ANALYSIS

Hansen's Petition must be dismissed for numerous reasons. First, it is untimely under § 2255(f). Second, Hansen's claims are procedurally defaulted. Third, he waived collateral review in his plea agreement. Fourth, his claims fail as a matter of law.

### A. Untimeliness

Hansen moves the Court to excuse his lateness on the grounds of equitable tolling. Dkt. 2, at 1. He argues his claims "are so novel that the legal basis was not available" until now. *Id*. at 2. The Court denies this motion, concludes equitable tolling does not apply, as dismisses the Petition as untimely.

"To be entitled to equitable tolling, a habeas petitioner bears the burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

[3] As outlined in this statute, motions under § 2255 must be filed no more than one year after the latest of four possible events: (1) the "final" conviction; (2) the date a government-imposed impediment to filing the motion was removed; (3) the date the Supreme Court recognized and made retroactively applicable a constitutional right; and (4) the date newly discovered facts supporting the § 2255 claim could reasonably have been discovered. 28 U.S.C. § 2255(f)(1)–(4). However, only one is relevant here—the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f).

circumstance stood in his way." *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015) (citation modified). "This is a very high threshold." *Id.*

The Court entered judgment on November 7, 2022. CR-031, Dkt. 42. Thus, Hansen's conviction became final fourteen days later on November 21, 2022. Hansen filed the Petition on March 30, 2026, more than two years past the deadline. Dkt. 1; CR-031, Dkt. 47.

Hansen fails to satisfy the requirements of equitable tolling. He does not assert he was diligently pursuing his rights during this extended period thus failing the first prong of this analysis. Considering the second prong, although Hansen alleges the novelty of his claims prevented him from timely filing, decades of precedent undermine this argument. *See, e.g., New York v. Ferber*, 458 U.S. 747 (1982); *Osborne v. Ohio*, 495 U.S. 103 (1990); *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002); *United States v. Williams*, 553 U.S. 285 (2008). These cases—and many others—discuss the same issues Hansen raises now and all long predate Hansen's conviction. This demonstrates the constitutional principles underlying his claims are far from novel and did not prevent him from timely filing.

Hansen fails to satisfy both prongs required for the Court to grant equitable tolling. Thus, his motion for equitable tolling is denied and the Petition is hereby dismissed as untimely. The Court will, nevertheless, discuss the remaining arguments as each also supports dismissal.

**B. Procedural Default**

Claims not raised on direct review are procedurally barred absent a showing of cause and prejudice, or actual innocence. *Bousley*, 523 U.S. at 622. To establish cause, a

petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the . . . procedural rule." *Davila v. Davis*, 582 U.S. 521, 528 (2017). To establish prejudice, a petitioner must show that he bore an "*actual* and substantial disadvantage" as a result of some error. *Frady*, 456 U.S. at 170.

Hansen has not established any cause to excuse his default. As previously mentioned, Hansen's claims are not novel and did not prevent him from complying with any procedural rules. Further, he does not allege to have made an initial effort to raise his claims on appeal. Without such effort, he cannot now claim that an external factor prevented him from raising his claims on appeal. Thus, he cannot establish any cause to excuse his default.

Hansen's claims also fail to satisfy the prejudice requirement. He does not allege facts demonstrating a disadvantage he bore due to some error, or that an error even occurred. Without an error having taken place, Hansen cannot successfully establish prejudice.

Finally, Hansen does not allege actual innocence, nor does he provide new evidence which might support such an allegation.

Hansen fails to demonstrate cause and prejudice or actual innocence. Therefore, his claims are procedurally defaulted. This is another reason his Petition must be dismissed.

**C. Waiver**

Hansen moved the Court for an order allowing him to proceed with the Petition despite the collateral-attack waiver contained in his plea agreement. Dkt. 3, at 1. The Court finds the waiver enforceable and denies this Motion.

Hansen's plea agreement included the following provision:

> In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

CR-031, Dkt. 16, at 12. Hansen claims the waiver does not apply in this instance because his claims challenge the constitutionality of child pornography statutes and the sentencing framework imposed by Congress rather than the underlying factual basis of his plea, the calculations of his sentence, or the effectiveness of his counsel during the proceedings. Dkt. 3, at 3. Hansen's argument misses the mark.

The waiver is enforceable. The language Hansen agreed to explicitly prohibits him from challenging the constitutionality of the convicting statute and his sentence, which are the exact issues raised now in the Petition. Hansen seeks to litigate claims that fall squarely within the scope of the waiver to which he agreed. Because the Petition raises no claim that falls outside the waiver's terms, the waiver bars his collateral attack. Further, he does not allege his plea was made unknowingly or involuntarily.

Thus, the Court must enforce the plea agreement and dismiss the Petition on this basis as well. Lastly, despite these three legal barriers to Hansens' Petition, the Court will discuss the merits of his arguments and explain why none are persuasive.

**D. Merits**

*1. Child Pornography Statutes*

It is within Congress's power to regulate activities if a "rational basis" exists for

concluding that the activity, when "taken in the aggregate, substantially affect[s] interstate commerce." *Gonzales v. Raich*, 545 U.S. 1, 22 (2005). Child pornography falls in this category. *United States v. McCalla*, 545 F.3d 750, 755 (9th Cir. 2008) (noting that child pornography is a "highly organized, multimillion dollar industr[y] that operate[s] on a nationwide scale."). 18 U.S.C. § 2252A "is comprehensive in that it seeks to regulate (more accurately, exterminate) the entire child pornography market." *Id.* Application of child pornography statutes to those who produce or possess child pornography made using materials transported in interstate commerce is a valid exercise of Congress's power under the Commerce Clause. *United States v. Gallenardo*, 579 F.3d 1076, 1081 (9th Cir. 2009).

It remains rational to conclude that child pornography, in the aggregate, substantially affects interstate commerce. The industry is highly organized, millions of dollars flow through it, and it operates on a nationwide scale. *See McCalla*, 545 F.3d at 755. Thus, the convicting statute, § 2252A, is a constitutional exercise of Congress's power to regulate this activity under *Gonzales*. Despite Hansen's contentions otherwise, the success or failure of statutes in eradicating the market for child pornography is irrelevant. The relevant question is whether there is a rational basis for concluding that the production and possession of child pornography substantially affects interstate commerce. The Court affirms that such a basis exists.

In sum, it is within Congress's power to pass laws regulating the production and possession of child pornography, and the convicting statute is a constitutional exercise of Congress's power. As such, this claim must be dismissed.

*2. Deterrence as a Sentencing Factor*

"General deterrence is a legitimate aim . . . in imposing sentence." *United States v. Barker*, 771 F.2d 1362, 1368 (9th Cir. 1985). Under 18 U.S.C. § 3553, sentencing courts *must* consider whether a particular sentence will "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B); *see also Esteras v. United States*, 606 U.S. 185, 191 (2025) (explaining that § 3553 "requires [sentencing] courts to consider" the deterrence factor). District judges wield "very broad discretion . . . in sentencing," but may not ignore any of the sentencing factors mandated by § 3553. *United States v. Bragg*, 582 F.3d 965, 969 (9th Cir. 2009).

Using deterrence as a sentencing consideration in child-pornography cases does not violate the Constitution. Determining the deterrent effect of a particular sentence on a defendant and other potential offenders is a core function of the district judge at sentencing. A defendant's capacity for rational decision-making is one of the many considerations the district judge may weigh when making such determinations, but it ultimately lies within his or her discretion whether it ought to be considered and how much weight it bears. Further, it is a requirement under § 3353(a)(2) to consider deterrence, and this factor cannot be ignored.

For these reasons, the deterrence factor in § 3553(a)(2) is permitted by the Constitution and it must be considered by sentencing courts. Hence, this claim must be dismissed.

*3. Hansen's Sentence*

"[T]he Eighth Amendment prohibits imposition of a sentence that is grossly

disproportionate to the severity of the crime." *Ewing v. California*, 538 U.S. 11, 21 (2003). In determining whether a sentence of imprisonment is grossly disproportionate, "[a] court must begin by comparing the gravity of the offense and the severity of the sentence." *Graham v. Florida*, 560 U.S. 48, 60 (2010). If this comparison fails to yield an inference of gross disproportionality, there is no Eighth Amendment violation. *Id.*

Concerning the gravity of child pornography offenses, "the materials produced by child pornographers permanently record the victim's abuse. The pornography's continued existence causes the child victims continuing harm by haunting the children in years to come." *Osborne v. Ohio*, 495 U.S. 103, 111 (1990). The maximum imprisonment sentence one may serve for possessing such material in violation of § 2252A(a)(5)(B) is twenty years. 18 U.S.C. § 2252A(b)(2).

Regarding sentencing, § 3553(a)(2)(A)–(D) names "retribution, deterrence, incapacitation, and rehabilitation [as] the four purposes of sentencing generally." *Tapia v. United States*, 564 U.S. 319, 325 (2011) (citation modified). The eradication of a category of crime is not enumerated as a purpose of sentencing. *See* § 3553(a)(2)(A)–(D).

Hansen's sentence is not grossly disproportionate to his offense. The gravity of his offense is great for a number of reasons: one reason being child exploitation victims suffer not only when the images are initially taken, but the continual existence of these images causes perpetual suffering. Hansen's fifty-one month sentence does not outweigh that gravity. In fact, it is more than fifteen years below the maximum possible sentence. Further, whether the convicting statute has eradicated the child pornography market is irrelevant because eradication is not a factor Congress requires sentencing judges to consider.

As such, Hansen's sentence does not violate the Eighth Amendment, and this claim must be dismissed.

*4. Motion to Appoint Counsel*

Hansen also filed a Motion to Appoint Counsel. Dkt. 4. A federal habeas petitioner has "no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition." *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). The Court has considerable discretion in deciding whether to appoint counsel in § 2255 proceedings and *may* furnish counsel when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

In requesting counsel, Hansen essentially states that he needs counsel because his claims are novel and he is unskilled in the law. *See Generally* Dkt. 4.

First, as noted above, Hansen's claims are not novel. The arguments he raises have been argued, and rejected, for years.

Second, the Court appreciates Hansen is not an attorney and that it is difficult to navigate the legal system. But that is not unique to Hansen. Many defendants are not familiar with the law. However, this fact, standing alone, does not constitute an extraordinary circumstance warranting the appointment of an attorney. *See Stanger v. Way*, 2022 WL 137962, at *1 (D. Idaho Jan. 13, 2022) ("While the Court appreciates [the plaintiff's] struggles to understand the legal system, such struggles are not exceptional

circumstances that require a lawyer.").

The Court has reviewed all of Hansen's filings and, in its discretion, finds the appointment of counsel is not required to further the interests of justice. Consistent with Supreme Court precedent, 28 U.S.C. § 2255, and 18 U.S.C. § 3006A, the Court finds the appointment of counsel is not appropriate in this case. Therefore, Hansen's Motion to Appoint Counsel (Dkt. 4) is DENIED.

## V. CERTIFICATE OF APPEALABILITY

A defendant cannot appeal a final order on a § 2255 motion unless the district court or court of appeals issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1) (providing that appeal cannot proceed unless "circuit justice or judge issues a certificate of appealability"); *U.S. v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (interpreting "circuit justice or judge" to include district judges). The court should issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to show that "a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To promote efficiency, the district court is required to issue or deny a COA in the same order denying the defendant's § 2255 motion. *See* Rule 11(a) of the Rules Governing § 2255 Proceedings. If the district court denies the COA, the court should state the reason for its decision. *Asrar*, 116 F.3d at 1270. The defendant cannot appeal the denial of the COA but can file a notice of appeal and request a COA from the court of appeals pursuant to Federal Rule of Appellate Procedure 22. *See* Rule 11(a) of the Rules Governing § 2255

Proceedings. Upon so doing, the district court forwards to the court of appeals the defendant's case file, final order, and notice of appeal. *See Asrar*, 116 F.3d at 1270.

In this case, the Court denies the COA. As explained in the preceding sections, Hansen's claims are barred by multiple legal doctrines and lack merit. None of his claims are persuasive or suggest any reduction or vacatur of the sentence imposed is warranted. No reasonable jurist would disagree with this assessment. Therefore, should Hansen wish to appeal, he must timely file a notice of appeal with this Court and request a COA from the Ninth Circuit.

## VI. CONCLUSION

Hansen's motion is untimely, procedurally defaulted, precluded by the collateral-attack waiver in the plea agreement, and fails on the merits. For these reasons, the Court finds no reason to vacate or remand his conviction or sentence. The Court also finds it unnecessary to conduct an evidentiary hearing on the same. Thus, the Petition is DENIED.

## VII. ORDER

**IT IS HEREBY ORDERED:**

1. Hansen's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (Dkt. 1; CR-031, Dkt. 47) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil case.
2. The Court finds there is no need for an evidentiary hearing.
3. No certificate of appealability shall issue. Hansen is advised that he still may request a certificate of appealability from the Ninth Circuit Court of Appeals,

pursuant to Federal Rule of Appellate Procedure 22(b) and Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

4. If Hansen files a timely notice of appeal, and not until such time, the Clerk of the Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

5. Hansen's remaining Motions (Dkts. 2, 3, and 4) are DENIED as outlined above.

DATED: September 1, 2026

David C. Nye
U.S. District Court Judge